(No. 2897—)

Herbert Rommell, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 14, 1939.*

Immenhausen & Banovitz, for claimant.

John E. Cassidy, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant was formerly a member of the Illinois National Guard and seeks an award of One Thousand Four Hundred Fifteen and 60/100 ($1415.60) Dollars, claiming that on August 6, 1935 he was stationed at Camp Grant, Rockford, Illinois, as Captain of Company G of the 132nd Infantry; and that on said date he received injuries while in the line of duty which resulted in loss of time and hospitalization after he returned to his home in Chicago, following the encampment.

The claim comes before the court on claimant's complaint, a report made by the Adjutant General's office, a transcript of the testimony, and the respective briefs of the parties. From a consideration of the record it appears that there was a lot of crushed stone around the front of claimant's tent at Camp Grant. He testified that he had returned from the drill field on the day in question, and that in going into his tent he turned an ankle and upon trying to regain his balance stubbed his toe on the tent flooring which was about four inches above the ground, and crashed against the side of his metal cot striking his ribs on the right side and his lip; that he went over to the medical tent and they plastered up his lip; that the next morning he had severe pain in the right chest, and he again went over to the medical tent and "they taped his side." Claimant further testified that pain increased and he returned to the medical tent three or four times during the camp period, and they readjusted the tape.

That during the camp they went out on bivouac duty and had to sleep on the ground, which was damp with dew; that in the maneuvers it is necessary to run, lie down, get up and run again, etc., and that he reported to an officer in charge that he was unable to do that, so the latter pinned a tag on him which relieved him from such activity. The tag in question is dated "August 13, 1935 5 A. M. bivouac area. Diagnosis: Fracture ribs 8 & 9 right. Treatment: Adhesive strapping. Disposition: Duty. Signature: Johnson, 1st. Lt." Claimant remained in camp until August 17th. After he returned to Chicago he reported to Lieutenant Johnson who instructed him to see Major Weil; that he was unable to find Major Weil, so he went of his own accord to the Northern Hospital at 2314 North Clark Street, operated by Dr. Doyle, where he remained from August 21, 1935 to September 28,

1935. He seeks payment for alleged expense incurred in such treatment at the rate of $5.00 per day for thirty-nine (39) days for room, board and nursing, One Hundred Ninety-five ($195.00) Dollars and for fourteen (14) days special nurse hire at the hospital at the rate of $8.00 per day, One Hundred Twelve ($112.00) Dollars, with additional laboratory, X-ray and medical charges, making a total hospital bill of Three Hundred Eighty-one ($381.00) Dollars, and a personal bill for services of Dr. Doyle of Five Hundred Fifty-three ($553.00) Dollars. In addition to seeking payment of these bills he asks for an award for lost earnings during the period from August 18th to September 30, 1935. His pay as a captain in the National Guard was Three Hundred Fifty ($350.00) Dollars per month while in active service. His civilian wages as a mail carrier were One Hundred Seventy-five ($175.00) Dollars per month.

At claimant's request a Military Line-of-Duty Board was appointed pursuant to National Guard regulations, to consider his illness. Such appointment was made on June 1, 1935 and the board convened on December 20th at the 132nd Infantry Armory in Chicago to investigate the reported sickness of Captain Rommel. A transcript of such hearing discloses the following questions and answers: (By Major Weil and Capt. Rommel respectively).

"Q. When did you first become ill?
"A. I awakened Wednesday morning, August 7, 1935 with pain in right chest. * * *
"Q. Were any X-rays taken after your admittance to the Northern Hospital?
"A. No.
"Q. Were any efforts made to get in touch with a Regimental Medical Officer prior to your admittance to the hospital?
"A. No."

This and other testimony before the medical board is not in accord with other testimony appearing in the record. Neither does it support a charge of $10.00 for X-ray shown in Dr. Doyle's bill from the Northern Hospital.

Awards that are made to those in military service for injuries alleged to have been incurred in such service are made under and by virtue of the provisions of Chapter 129, Illinois Revised Statutes, known as the Military and Naval Code. Section 142 of such Act provides as follows:

"(Compensation when wounded in service.)

"Any officer or enlisted man of the National Guard or Naval Reserve who may be wounded or disabled in any way, while on duty and lawfully performing same, so as to prevent his working at his profession, trade or other occupation from which he gains his living, shall be entitled to be treated by an officer of the medical department detailed by the surgeon general, and to draw one-half his active service pay, as specified in Sections 3 and 4 of this article, for not to exceed thirty days of such disability, on the certificate of the attending medical officer; if still disabled at the end of thirty days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers, duly convened by order of the Commander-in-Chief, may determine to be right and just, but not to exceed six months, unless approved by the State Court of Claims."

## Section 143 of such Act has the further provision:

"(When killed or wounded in service—claim against State.)

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department."

In the present case the record shows that the Line-of-Duty Military Board which considered Captain Rommel's case, returned the following findings:

"1. Captain Rommel was not on sick report at any time during the Field Training Period, August 3rd to August 17th, 1935.

"2. Captain Rommel was able to discharge his regular and required duties during this entire Field Training Period.

"3. Following the return to home station, Captain Rommel did not report for medical attention to any of the Regimental Medical Officers.

"4. Captain Rommel's statements and the affidavits of Major Weil and Lieutenant Johnson do not agree as to the cause of alleged disability at Camp Grant.

"THEREFORE: This Board concludes that line of duty status was not established and that hospitalization during the Field Training Period was not required, and finds no evidence has been submitted to connect the disability of Captain Rommel during the Field Training at Camp Grant, Illinois, August 3rd to 17th, 1935, with his alleged subsequent illness and hospitalization after return to home station."

The statutory provisions above cited both contemplate that injuries suffered by those in the National Guard or Naval Reserve, to be compensable must have been incurred while in the line of duty. The Military Board appointed in the present case has found that "line of duty" status was not

established. This court is not inclined, under the record before us, to go back of the finding made by such Military Board upon the point of the military service in question. In the absence of a finding that claimant's injuries were incurred in the line of duty or while performing his duty under orders from his commander-in-chief, no award is justified by this court upon the claim in question.

Section 145 of the Military and Naval Code contains a further provision, i. e.:

"(Hospital charges.)

"Necessary hospital charges incurred in cases stated in Sections 10 and 11, and for beds in open or general wards, shall be paid by the State on proper vouchers made out by the attending medical officer, approved by the Surgeon General."

The services obtained by claimant from Dr. Doyle at the Northern Hospital do not come within either of the above sections, and no vouchers have been produced from the attending medical officer, approved by the Surgeon General, and no basis for payment by the State for either the hospital bill or Dr. Doyle's bill is shown.

Claimant cites the case of *Paul H. Boyers* vs. *State*, C. C. R. 9, 530. Inspection of that case will disclose that a medical board there convened returned a finding that Private Boyer's injury was incurred "in line of duty."

No legal basis appearing for an award in the present case, same is denied and the claim dismissed.